JL

WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James R. Hunter, | No.    CV-25-03118-PHX-JAT (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| Theodora Paul, et al., | |
| Defendants. | |

Plaintiff James R. Hunter, who is confined in the Arizona State Prison Complex-Yuma, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 9).  The Court will dismiss this action.

## I.      Application to Proceed In Forma Pauperis and Filing Fee

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee.  *Id.*  The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28

U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**III.    Complaint**

In his three-count Complaint, Plaintiff sues NaphCare Health Incorporated (NaphCare); Centurion of Arizona (Centurion) and its parent company, Centene Corporation (Centene); Centurion Vice President Tom Dolan; Regional Director Young; Director of Nursing D. Mendoza; Dr. Theodora Paul; Oyuki Coronado; Clinical Coordinator Erica Johnson; Nurse Practitioner Pfingston; and Nurse R. Branum.  Plaintiff also sues Columbia Casualty Company, Scottsdale Insurance Company, Zurich American Insurance, and Starr Indemnity Insurance Company.  Finally, Plaintiff sues the law firm of Broening, Oberg, Woods & Wilson and attorneys Sarah Barnes and Katrina Chappel. Plaintiff brings claims regarding Defendants' alleged conduct in another of Plaintiff's pending civil rights cases in this Court, *Hunter v. Paul*, CV-24-02068-PHX-JAT (CDB). He seeks injunctive and relief.

**A.    Background**

To lend context to Plaintiff's allegations, the Court describes the ongoing litigation in *Hunter v. Paul*.  Plaintiff originally filed the Complaint in state court and named NaphCare, Centurion, Centene, Dolan, Young, Mendoza, Paul, Coronado, Johnson, Pfingston, Branum, and various insurance companies as Defendants.  Defendant Centurion removed the case to this Court.  Subsequently, Plaintiff filed a Third Amended Complaint. (Doc. 8 in CV-24-02068.)    The Court determined that Plaintiff stated an Eighth Amendment claim in the Third Amended Complaint against Defendants Coronado, Paul, and Pfingston and directed them to answer the claim.  (*Id*., Doc. 12.) The Court dismissed the remaining Defendants.  (*Id.*)  Sarah Barnes and Catrina Chapple of Broening, Oberg, Woods & Wilson entered a Notice of Appearance on behalf of Defendants Coronado, Paul, and Pfingston.

On February 24, 2025, Plaintiff filed a Motion for Permanent Injunction, and on April 7, 2025, he filed an Emergency Motion for Injunction.  (*Id.*, Docs. 23, 26.)  In both

Motions, Plaintiff asked the Court to issue an order enjoining defense counsel Sarah Barnes and her firm, Broening Oberg Woods & Wilson, from representing any litigant where the opposing party is a prisoner. Plaintiff alleged that Barnes had concealed evidence and created false issues of material fact, which has led to prisoner deaths. In a June 3, 2025 Order, the Court denied the Motions, finding no evidence of misconduct. (*Id.*, Doc. 30.)

On July 18, 2025, Defendants Coronado, Paul, and Pfingston filed a Motion for Summary Judgment. (*Id.*, Doc. 37.) Plaintiff moved to strike Defendants' Motion for Summary Judgment, arguing that Plaintiff sought his own medical records during discovery, but Defendants objected to their production and then relied on those same records in their summary judgment motion. (*Id.*, Doc. 39.) In a September 8, 2025 Order, the Court denied Plaintiff's Motion to Strike and ordered Defendants to facilitate Plaintiff obtaining his medical records and to file a notice of compliance. (*Id.*, Doc. 52.) The next day, Plaintiff filed a Motion to Disqualify Defendants' Attorneys, alleging that during telephone conversations in February and August 2025, defense counsel made inappropriate statements regarding a non-party inmate and threatened Plaintiff with vexatious litigant designation unless he withdrew certain filings. (*Id.*, Doc. 53)

On September 19, 2025, Defendants filed their Notice of Compliance. (*Id.*, Doc. 53). Defendant Barnes filed a Response to Plaintiff's Motion to Disqualify, stating that she advised Plaintiff that his filings appeared substantially similar to filings by the other inmate, who had indicated that he would share documents with Plaintiff. (*Id.*) Barnes recounted that she told Plaintiff that the continued submission of meritless filings could result in Rule 11 sanctions and/or vexatious litigant designation. (*Id.*) In an October 3, 2025 Order, the Magistrate Judge denied Plaintiff's Motion to Disqualify, concluding that the timing of Plaintiff's Motion to Disqualify—which he filed the day after the Court denied his Motion to Strike—suggested that the Motion was not filed for a legitimate concern, Plaintiff had not demonstrated the likelihood of cognizable harm, there was no risk that the public would perceive defense counsel's representation of Defendants as improper, and Plaintiff could file a complaint with the State Bar for any allegedly unethical

- 4 -

1   conduct by Defendant Barnes. (*Id.*, Doc. 60.)

2       Defendants' Motion for Summary Judgment remains pending, and Plaintiff's

3   Response to the Motion is currently due on December 22, 2025. (*Id.*, Doc. 62.)

4       **B.    Allegations**

5       In Count One, Plaintiff asserts a First Amendment claim for denial of access to the

6   courts. Plaintiff alleges that in *Hunter v. Paul*, he requested his medical records from

7   Defendants Cornado, Paul, and Pfingston, through their attorney, Defendant Barnes, but

8   Defendants refused to provide his medical records. Plaintiff asserts that Defendants then

9   used his medical records to support their Motion for Summary Judgment. Plaintiff

10  contends that Defendants have "frustrated and impeded" his ability to have the Court "fully

11  review" his claims, thereby denying him access to the courts. Plaintiff also claims that

12  Defendants Cornado, Paul, and Pfingston, through Defendant Barnes, violated the Health

13  Insurance Portability and Accountability Act (HIPAA) when they used his medical records

14  in support of their Motion for Summary Judgment, where neither Defendants nor their

15  counsel obtained Plaintiff's authorization for the release of his records.[1]

16      In Count Two, Plaintiff asserts a First Amendment retaliation claim. Plaintiff

17  alleges that Defendants Cornado, Paul, and Pfingston, through Defendant Barnes, retaliated

18  against him through the conduct alleged in Count One because Plaintiff sought relief for

19  violations of his Eighth Amendment rights.

20      In Count Three, Plaintiff asserts another First Amendment retaliation claim.

21  Plaintiff alleges that Defendants Cornado, Paul, and Pfingston, through Defendant Barnes,

22  retaliated against Plaintiff by concealing evidence—that is, Plaintiff's medical records—

23  as described in Count One. Plaintiff claims that "over the years," Defendant Barnes has

24  "utilized this same practice of withholding vital evidence from almost all pro per prison

25  litigant[]s" who have brought claims against Corizon, Centurion, and NaphCare. Plaintiff

26  contends that because Defendant Barnes has denied crucial evidence to pro se prisoner

27  _____

28      [1] HIPAA "provides no private right of action." *Webb v. Smart Document Sols., LLC*, 499 F.3d 1079, 1081 (9th Cir. 2007).

plaintiffs, Defendant Barnes's clients have prevailed in almost every case in which a prisoner is pro se. Plaintiff claims that Defendants Centurion and NaphCare "condone and are a party to this unethical practice."

**IV.    Discussion**

    **A.    Absolute Immunity**

If a government attorney is performing acts "intimately associated with the judicial phase" of the litigation, that attorney is entitled to absolute immunity from damages liability." *Fry v. Melaragno*, 939 F.2d 832, 836-38 (9th Cir. 1991). "The proper forum for challenges to these allegedly improper actions is in the adversary proceedings, not in a separate suit for damages." *Id.* Likewise, "[w]itnesses . . . are accorded absolute immunity from liability for their testimony in judicial proceedings." *Paine v. City of Lompoc*, 265 F.3d 975, 980 (9th Cir. 2001). Defendants Paul, Coronado, Pfingston, Barnes, Chappel, and the law firm of Broening, Oberg, Woods & Wilson are absolutely immune from liability for damages for their roles in *Hunter v. Paul*, and these Defendants will be dismissed.

    **B.    Defendants Dolan, Young, Mendoza, Johnson, and Branum**

Plaintiff makes no specific allegations against Defendants Dolan, Young, Mendoza, Johnson, and Branum and apparently has named them as Defendants here solely because he named them as Defendants in *Hunter v. Paul*. Defendants Dolan, Young, Mendoza, Johnson, and Branum were dismissed on screening and had no other involvement in *Hunter v. Paul*. Plaintiff cannot state any constitutional claim against them based on their involvement in *Hunter v. Paul*, and Defendants Dolan, Young, Mendoza, Johnson, and Branum will be dismissed.

    **C.    NaphCare, Centurion, and Centene**

To state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc.*, 698 F.3d

1128, 1138-39 (9th Cir. 2012).  To state a claim against NaphCare, Centurion, and Centene, Plaintiff must allege that (1) he was deprived of a constitutional right; (2) NaphCare, Centurion, and Centene had a policy or custom; (3) the policy or custom amounted to a deliberate indifference to Plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation.  *See Burke v. County of Alameda*, 586 F.3d 725, 734 (9th Cir. 2009).  In addition, if the policy or custom in question is an unwritten one, Plaintiff must allege facts to support that it is so "persistent and widespread" that it constitutes a "permanent and well settled" practice.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-94 (1978) (*quoting Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)).  "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff sues NaphCare, Centurion, and Centene solely because they were Defendants in *Hunter v. Paul*.  These Defendants were dismissed on screening and had no other involvement in *Hunter v. Paul*.  Plaintiff therefore fails to state a claim against NaphCare, Centurion, and Centene, and these Defendants will be dismissed.

### D.    Insurance Company Defendants

The insurance company Defendants did not act under color of state law, and Plaintiff fails to allege any facts to support that he suffered any injury because of any conduct by the Defendant insurance companies.  Plaintiff has named the insurance companies as Defendants solely because they were Defendants in *Hunter v. Paul*.  Again, these Defendants were dismissed on screening and had no other involvement in *Hunter v. Paul*. The Court will dismiss Defendants Columbia Casualty Company, Scottsdale Insurance Company, Zurich American Insurance, and Starr Indemnity Insurance Company.

### E.    Legally Malicious or Frivolous Claims

The Court finds Plaintiff's claims are legally malicious or frivolous within the meaning of 28 U.S.C. § 1915A.  The purpose of § 1915A is to ensure that the targets of

frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted).  A claim is "frivolous" if it has "'no basis in law or fact.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted); *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).  A claim is "malicious if it was filed with the 'intention or desire to harm another.'" *Andrews*, 398 F.3d at 1121; *Knapp*, 738 F.3d at 1109.

The litigation history in *Hunter v. Paul* suggests that Plaintiff has a personal vendetta against Defendant Barnes.  Plaintiff, dissatisfied with the Court's rejections of his attempts to disqualify Defendant Barnes in *Hunter v. Paul*, has turned to filing suit against Barnes with the apparent "intention or desire to harm" Barnes.  There is no arguable legal basis for Plaintiff to sue Defendant Barnes for her representation of the Defendants in *Hunter v Paul*, to sue the Defendants whom Barnes represents, or to sue the Defendants who were dismissed on screening.

For the foregoing reasons, Plaintiff fails to state a claim in the Complaint, and it will be dismissed.

**V.    Dismissal Without Leave to Amend**

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted "when justice so requires."   Fed. R. Civ. P. 15(a).   "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)).  Although a pro se plaintiff is generally entitled to notice of the deficiencies of his claims and an opportunity to amend, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), the Ninth Circuit in *Corinthian Colleges* explained that leave to amend is not warranted unless the deficiencies "can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint," 655 F.3d at 955 (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir.

1990)).

Plaintiff has sued only immune Defendants and Defendants who have no possible involvement in the alleged injury. Moreover, the Court finds Plaintiff's claims are malicious and frivolous within the meaning of 28 U.S.C. § 1915A. Thus, the defects in the Complaint cannot be cured with additional allegations that are "'consistent with the challenged pleading' and that do not contradict the allegations" in the Complaint. *Corinthian Colleges*, 655 F.3d at 955. The Court finds further leave to amend would be futile. The Court will therefore dismiss the Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 9) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

Dated this 11th day of December, 2025.

James A. Teilborg
Senior United States District Judge